# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 24-1900 Baby Doe, John Doe, Jane Doe, Plaintiff-Appellees v. Joshua Mast, Stephanie Mast, Richard Mast, Defendants-Appellants |
| **Originating No. & Caption** | 3:22-cv-00049-RSB-JCH Doe v. Mast |
| **Originating Court/Agency** | United States District Court for the Western District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292(a)(1) and/or 28 U.S.C. § 1651 | |
| Time allowed for filing in Court of Appeals | 30 Days | |
| Date of entry of order or judgment appealed | August 16, 2024 | |
| Date notice of appeal or petition for review filed | September 16, 2024 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ⊗ No |
| If appeal is not from final judgment, why is order appealable? <br> This is an appeal from an interlocutory order, pursuant to 28 U.S.C. § 1292(a)(1) | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊗ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ☒ Yes | ☐ No |
| Has transcript been filed in district court? | ☒ Yes | ☐ No |
| Is transcript order attached? | ☐ Yes | ☐ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ☐ Yes | ☒ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ☒ Yes | ☐ No |
| Does case involve question of first impression? | ☒ Yes | ☐ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ☐ Yes | ☒ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiffs-Appellees John Doe and Jane Doe ("the Does") have brought an action against Defendants-Appellants Joshua Mast and Stephanie Mast ("the Masts") in the United States District Court for the Western District of Virginia for damages. The Does' claims arise out of the Masts' adoption of the Masts' minor adoptive child (the Does are also contesting the Masts' adoption of the Masts' adoptive child in Virginia state court). On September 13, 2022, the District Court issued an ex-parte protective order permitting the Does to use pseudonyms and prohibiting the Masts from disclosing any information that could "directly or indirectly identif[y]" the Does or their family members to any person without first executing a non-disclosure agreement enforceable through a contempt sanction. Dkt. No. 26. Although characterized as a "Protective Order," the order was an injunction preventing the Masts from exercising their First Amendment right to speak about the case both publicly and privately and to gather evidence in support of their defense (i.e., a "gag order"). The Masts filed a motion to amend, modify or vacate the order, which was denied by the District Court in an Memorandum Opinion & Order on August 16, 2024 that did not address the Masts' First Amendment claims or appropriately characterize the relief the Does had received as an injunction restricting the Masts' speech rights. The Masts' now appeal the District Court's order, which is the denial of their motion to modify, alter, or dissolve an injunction, as an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) or, in the alternative, as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether relief should be appropriately sought as an interlocutory appeal or a writ of mandamus<br><br>2. Whether the District Court's September 13, 2022 "Protective Order" constituted an injunction restricting the Masts' ability to speak publicly and privately about this case and gather evidence in support of their defense (i.e., a "gag order")<br><br>3. Whether the District Court's August 16, 2024 Memorandum Opinion & Order denying the Masts' motion to modify, alter, or vacate the "Protective Order" / gag order violated the Masts' rights under the First Amendment and Fifth Amendment of the United States Constitution |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: John Doe & Jane Doe | Adverse Party: John Doe & Jane Doe |
| Attorney Address: Lewis Franklin Powell, III<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219 | Attorney Address: Maya Miriam Eckstein<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219 |
| E-mail: lpowell@hunton.com | E-mail: meckstein@hunton.com |
| Phone: 804-788-8488 | Phone: 804-788-8788 |

| **Adverse Parties (continued)** ||
|---|---|
| Adverse Party: John Doe & Jane Doe | Adverse Party: |
| Attorney Address: Kevin S. Elliker<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219 | Attorney Address: |
| E-mail: kelliker@huntonak.com | E-mail: |
| Phone: (807) 788-8656 | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Joshua Mast & Stephanie Mast | Name: Richard Mast |
| Attorney Address: John S. Moran<br>McGuireWoods LLP<br>888 16th St. NW<br>Washington, DC 20006 | Attorney Address: David E. Yerushalmi<br>American Freedom Law Center<br>2020 Pennsylvania Ave NW<br>Washington, DC 20006 |
| E-mail: jmoran@mcguirewoods.com | E-mail: dyerushalmi@americanfreedomlawcenter.org |
| Phone: (202) 828-2817 | Phone: (646) 262-0500 |

| **Appellant (continued)** ||
|---|---|
| Name: | Name: |
| Attorney Address: | Attorney Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** *John S. Moran*     **Date:** October 2, 2024

**Counsel for:** Joshua Mast and Stephanie Mast

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:     Date: