**McGuireWoods**

McGuireWoods LLP
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

John S. Moran
Direct: 202.525.0356
jmoran@mcguirewoods.com

February 13, 2026

Hon. Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, 5th Floor
Richmond, Virginia 23219

## Supplemental Authority Pursuant to Rule 28(j)
### *Doe v. Mast*, No. 24-1900

Dear Ms. Connor:

On February 12, 2026, the Virginia Supreme Court entered final judgment in *Mast v. A.A.*, No. 240707, dismissing with prejudice the petition to vacate filed by John and Jane Doe because Code § 63.2-1216 bars them from collaterally attacking the Masts' final order of adoption. The opinion may be found at https://www.vacourts.gov/static/opinions/opnscvwp/1240707.pdf, and a copy is attached.

This final judgment has preclusive effect under the doctrines of *res judicata* and collateral estoppel, since the Virginia appellate process is exhausted. *See Weinberger v. Tucker*, 510 F.3d 486, 494 (4th Cir. 2007) (citing *Faison v. Hudson*, 243 Va. 413, 419 (1992)). The district court in the first instance will address preclusion on the merits, but for purposes of this appeal, the final judgment (i) precludes the Does from arguing that the Masts' adoption was invalid, *see* Resp. Br. 7–15; and (ii) confirms the Does lack standing to assert claims or seek a protective order on behalf of "Baby Doe"—the most onerous aspect of the *ex parte* protective order, *see* Op. Br. 7, 13.

The decision has also garnered significant and immediate media attention, *e.g.*, J. Linderman & C. Galofaro, *Virginia Supreme Court rules US Marine's adoption of an Afghan war orphan will stand*, ASSOCIATED PRESS, https://apnews.com/article/afghan-baby-adoption-marine-virginia-3703a5a979633bcd000e537e6eb1f5ff (Feb. 12, 2026), further highlighting the public interest in this litigation and the manifest injustice of the district court's one-sided speech restrictions, *see* Op. Br. 1–2, 11–12, 14–17, 40; Reply Br. 9–10.

At oral argument, the Does insisted that the *ex parte* protective order would apply to the Masts' commenting on the state-court litigation, even if they never mentioned the federal litigation at all. While the Masts respectfully disagree, that lingering uncertainty and the threat of further sanctions motions from the Does have a chilling effect that offends the free-speech and due-process protections of the First and Fifth Amendments. *See* Op. Br. 38–42; Reply Br. 21–23.

We appreciate the Court's attention to this matter.

*Doe v. Mast*, No. 24-1900
February 13, 2026
Page 2

Sincerely,

John S. Moran

MCGUIREWOODS LLP

*Counsel for Joshua & Stephanie Mast*