**VIRGINIA:**

### IN THE CIRCUIT COURT OF THE COUNTY OF FLUVANNA

| | |
|---|---|
| A.A. and F.A., | ) |
|                   Petitioners, | ) Case No. CL 22-186 |
| v. | ) |
| J.M. and S.M., | ) |
|                   Respondents. | ) |

## ORDER

WHEREAS, the Court in this matter issued orders temporarily sealing the entire record and all proceedings in this case on June 9, 2022 and October 20, 2022, memorializing an oral order of May 26, 2022; and

WHEREAS, the Virginia Supreme Court, by order of December 1, 2022, directed this Court to "permit members of the press or other qualified parties to intervene in support of or opposition to any proposed sealing or closing orders," and "thereafter enter a final sealing or closing order with specific findings required by *Daily Press, LLC v. Commonwealth*, ___ Va. at ___, 878 S.E.2d at 396-404," and

WHEREAS, in response to the Supreme Court's order, non-party The Associated Press ("The AP") moved this Court for leave to intervene and sought to unseal and open to the public the judicial records and proceedings in this case; and

WHEREAS, Petitioners moved this Court for an order allowing them to proceed pseudonymously, to which Respondents responded; and

WHEREAS, this Court heard oral arguments from counsel for The AP, the parties, the guardian *ad litem* and the United States on January 5, 2023 on The AP's and Petitioners' motions; and

WHEREAS, Virginia constitutional, statutory and common law creates a presumption that court proceedings and judicial records are open to the public, as set forth by the Virginia Supreme Court most recently in *Daily Press,* 878 S.E.2d at 396-97; and

CONSIDERING the record in this case, the briefing, and the arguments of counsel, the Court hereby finds as follows:

1. The best interests of the Child who is the subject of this litigation require that her identifying information remain sealed from the public, and these interests override the public's interest in knowing the Child's identity. Redacting the name of the Child is the least restrictive means of protecting these interests.

2. Identifying the Parties to this matter could allow members of the public to identify the Child, thus negating the protection afforded by redacting her identifying information. Therefore, the Child's best interests also override the public's interest in knowing the identities of the Parties. Identifying the Parties only by their initials is the least restrictive means of protecting these interests.

3. Unsealing materials the United States has previously designated as sensitive could harm the strategic, diplomatic and/or security interests of the United States, and these interests override the public's interest in obtaining access to such records. Maintaining these records under seal is the least restrictive means of protecting these interests.

4. Afghanistan currently is controlled by the Taliban, which the United States government has designated as a terrorist organization. The Taliban has in the past and is likely in the future to retaliate, including by using violence, against persons perceived to have assisted the United States or the relatives and associates of such persons. The safety and security interests of Petitioners and their relatives and associates who may return to Afghanistan, and

2

other third parties who remain in Afghanistan, override the public's interest in knowing the identities of such persons. Redacting records of this case to remove personal identifying information about those who reasonably could be in jeopardy of retaliation by the Taliban is the least restrictive means of protecting these interests.

5.   On September 16, 2022, the United States filed a notice in this case attaching certain unredacted documents from another case, pursuant to another court's order authorizing such documents to be filed in this case, provided they were filed under seal. Maintaining that September 16, 2022 filing, including all attachments, under seal is the least restrictive means of protecting the interests underlying the other court's sealing orders.

Accordingly, it is hereby **ORDERED** that The AP's motion to intervene is **GRANTED** and its motion to unseal is **GRANTED IN PART AND DENIED IN PART**. It is further **ORDERED** that Petitioners' motion to proceed pseudonymously is **GRANTED IN PART AND DENIED IN PART**. Further proceedings in this matter shall be open to the public unless otherwise ordered by the Court based on findings that closure is the least restrictive means necessary to serve an overriding interest.

It is further **ORDERED** that the records of this matter shall be **UNSEALED**, subject to the exceptions set forth below and consistent with the Court's findings. Materials previously designated by the United States as sensitive or under a sealing order imposed by another court shall not be unsealed. The name of the Child who is the subject of this litigation shall be redacted from publicly available records, and all future publicly available records shall refer to her as "the Child."

It is further **ORDERED** that all publicly available records shall refer to the Parties by their initials: Petitioners A.A. and F.A. and Respondents J.M. and S.M. The residential address,

3

telephone number, and email address of any party also may be redacted. The Clerk of the Circuit Court of Fluvanna County is hereby directed to correct the docket of this matter to refer to the Parties by their initials. All future filings in this case shall refer to the Parties only by their initials or their status as a Petitioner or Respondent.

It is further **ORDERED** that counsel for Petitioners and Respondents shall meet and confer regarding proposed redactions to previously sealed records, and shall submit proposed redacted versions of those records to the Court, noting any proposed redactions upon which the Parties disagree. The Parties shall endeavor to complete this process as quickly as possible. The Court will consider the proposed redactions and issue orders resolving any disputes.

It is further **ORDERED** that the Parties and their counsel shall refrain from making any statements to the news media about this matter until it has been resolved.

SO ORDERED this 1st day of April, 2024. *nunc pro tunc* 5/26/22

_____
Hon. Claude V. Worrell Jr., Presiding Judge

4